UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Trenton Vicinage

Frances A. Tomes, Esq.
Tomes Law Firm, P.C.
1 West Main Street, 3rd Fl.
Freehold, NJ 07728
P: (732) 333-0681
F: (732) 333-0682
Attorney for Creditor Dean Hecker/Estate of Marlene Hecker

In Re:

Debra Shapiro, Debtor

Case No.: 20-10457

Chapter 13

Hearing Date: 08/26/2020

Judge: MBK

## CERTIFICATION IN OPPOSITION TO OBJECTION TO PROOF OF CLAIM NO. 6

1. I am an attorney at law of the State of New Jersey and a shareholder in Tomes Law Firm, P.C. I Make this certification in opposition to Debtor's objection to the Proof of Claim brought by Dean Hecker

2. It us undisputed that Marlene Hecker loaned her daughter Debra Shapiro $208,000.

3. It is undisputed that Debra Shapiro promised to pay the Lender Marlene Hecker $208,000 and that Debtor executed a mortgage on her property as a result of this loan. That mortgage, Exhibit A, is clearly between Marlene J. Hecker and Debra Shapiro and is secured by the Shapiro property.

4. It is undisputed that Marlene Hecker is now deceased and her estate is to be divided 50/50 between Debra Shapiro and Dean Hecker, her children.

5. Marlene Hecker also obtained a note and mortgage with Sovereign bank in the amount of $208,000. That note had nothing to do with the debtor or with the debtor's property and was secured by Marlene Hecker's property at 1142 Glenwood Road, Toms River. This is Exhibit B of Debtor's Objection

6. Subsequently, Exhibit B, the note between Marlene Hecker and Sovereign Bank was refinanced with another loan form Sovereign Bank on the property of Marlene Hecker.

7. That refinance neither paid back the loan between Marlene Hecker and debtor, nor extinguished the lien on debtor's property. Exhibit C of debtor's objection satisfies Exhibit B of debtor's objection, the loan between Marlene Hecker and Sovereign Bank, not the loan between debtor and Marlene Hecker.

8. Debtor has failed to show that the loan between Marlene and Debtor was paid. Debtor has failed to show that the mortgage on Debtor's property was satisfied.

9. The certification of Dean Hecker further sets forth the history between the creditor and the debtor and the Estate of Marlene Hecker. (Exhibit A).

10. Because this was secured claim, it was not discharged in the Chapter 7 filed by debtor, nor was an Adversary Proceeding necessary at that time.

11. The Chapter 7 Trustee's report clearly lists Hecker's claim as secured.

12. The Estate did have an unsecured claim for other monies owed and Dean Hecker contended that those monies were taken by fraud and alleged on debtor's chapter 7 schedules as a lawsuit. Because of the allegation of fraud, those claims would have been non-dischargeable if proven. As such, an adversary proceeding should have been filed for those claims but was not and that became the subject of legal malpractice claim.

13. Those unsecured claims cannot and are not brought in this Chapter 13.

14. However, the secured claim was not discharged in the Chapter 7 just like the other secured claims on the property were not discharged.

15. Debtor has not shown that the loan and mortgage between Marlene Hecker and Debtor has been paid.

16. Since Debtor has not shown that the final payment has been made, debtor's claim for the deduction of $16,857.48 is invalid as the note that says that it will be deducted from the final payment. Furthermore, it should be half of that amount, and creditor only has a claim for half of the loan and mortgage.

17. Debtor contends that this secured debt was discharged in the Chapter 7 bankruptcy. Only debtor's unsecured debt was discharged and that debt is not being sought here. The secured debt, just like the first mortgage holder, was not discharged in the Chapter 7 case.

18. Debtor contends that the property does not have enough value for the secured claim. However, debtor has failed to provide an appraisal of the value at the time of filing the petition. To date the only appraisal provided is one obtained one year prior to the date of filing. This is not an appropriate dated.

19. Reports from Zillow and Realtor.com clearly indicate a higher value at the present time.

20. As stated by Judge Lyons in the matter of In Re Bernardes, 267 B.R. 690, 698 (Bankr. D. N.J. 2001) Section 506(a) of the Bankruptcy Code provides that a creditor has a secured claim to the extent of the value of the underlying collateral. 11 U.S.C. Sec 506(a). The statute further provides that the value of such collateral must be determined in light of the purpose of the valuation and of the proposed

disposition or use of such property. When considering the property valuation date for establishing the amount of a creditor's secured claim under a Chapter 13 plan, the courts have looked to the language of Section 1325(a) the Code section addressing the requirements for "plan confirmation, for guidance, see, e.g. In re Owens, 120 B.R. 487,492 (Bankr. E.D. Ark 1990); In re Klein, 10 B.R 657 at 660 (Bankr. E.D.N.Y. 1981). Pursuant to Section 1325(a) (5) (B) (ii) the value of collateral establishing the status of a secured claim is to be determined as of the 'effective date of the plan" Id.

21. The Bernardes court went on to state that neither Bankruptcy code nor the legislative history defines the phrase "effective date of the plan". However a vast majority of courts have interpreted "effective date of the plan" to refer to one of two dates: the date that the petition was filed, or the date of confirmation."

22. A majority of the reported decisions fix the value of collateral for § 1325(a) (5) (B) purposes at a date later than the filing of the petition. Many courts use the date of confirmation

23. As it is clear, this debt has not been paid, and there was no valuation on the date of the petition, and this case is not confirmed, it is respectfully submitted that an appraisal be done at the present time.

Dated: August 18, 2020

/s/ Frances A. Tomes
Frances A. Tomes, Esq.
Tomes Law Firm, P.C.
1 West Main Street, 3rd Fl.
Freehold, NJ 07728
Tel: 732-333-0681
Fax: 732-333-0682
Email: Ftomes@tomeslawfirm.com

# EXHIBIT A

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Trenton Vicinage<br><br>Frances A. Tomes, Esq.<br>Tomes Law Firm, P.C.<br>1 West Main Street, 3rd Fl.<br>Freehold, NJ 07728<br>P: (732) 333-0681<br>F: (732) 333-0682 | Case No.: 20-10457 |
| In Re:<br><br>Debra Shapiro, Debtor | Chapter 13<br><br>Hearing Date: 08/26/2020<br><br>Judge: MBK |

### CERTIFICATION OF DEAN HECKER

Dean Hecker, hereby certifies as follows:

    1. I am the creditor in the above matter, the brother of the debtor and the son of Marlene Hecker.

    2. I make this certification in support of my proof of claim.

    3. Marlene Hecker took a loan with Sovereign Bank for $208,000 in December 2003 against her home in Toms River, NJ. She lent the funds to the Debtors. Jeff Shapiro was the Mortgage Broker and arranged mortgages for Marlene so he could borrow the money from her.

    4. To provide security to Marlene for the money she loaned to the Debtors, the Debtor and her husband provided Marlene a Mortgage Note and Promissory note for $208,000 in December 2005 (2 years later, back dated to December 2003) against their property in Raritan, NJ. This is a note owed by Debtors only to Marlene Hecker.

    5. On July 25, 2006, Marlene Hecker obtained a HELOC for $89,500 from Wachovia to lend additional funds to Debtors.

    6. In March 2007 while Marlene was confined in assisted living for dementia/Alzheimers, Debtor's husband advised Marlene and refinanced her $208,000 loan with Sovereign Bank and

included the Wachovia HELOC loan $89,500 into a new note for $264,000. The result was translated into the closing of the old account for the loan of $208,000 on Marlene's house with a creation of new loan of $264,000 against Marlene's house. In order to add the HELOC into the new loan of $264,000 amount, Debtor's husband brought in $31,642 which reduced the HELOC balance. Debtor's husband admitted in deposition that they still owed $264,000 to the Estate.

7. The refinancing paid down the Wachovia/Wells HELOC to a zero balance. The debtor's husband had the choice to close the HELOC, but he purposely left it open as he would later draw against it for another $87,000 for their personal real estate investments during 2008 through 2010

8. I first became aware of the Sovereign (Santander) $264,000 mortgage from debtor's husband one year after Marlene died in 12/2012. He sent me the HUD1 Statement on January 7, 2014. Prior to this, I was only aware of the $208,000 that Debtors owed Marlene. Debtors were originally working with me to pay me back my share after Marlene died. They admitted that they owed Marlene $264,000, not $208,000. . Debtors never brought up that they were entitled to any deductions of $31,642 to be made against the $208,000 nor the $264,000 loan which they owed to Marlene. This is because the $31,642 was simply paying down part of the Wachovia $89,500 HELOC that they also borrowed from Marlene in 2006. Otherwise the amount to be refinanced and owed to Marlene would have been $208,000 plus $89,500 for a total of $297,500. The $31,642 is not to be confused with the $208,000 mortgage owed. Therefore, the funds are not an offset or a credit to Debtors $208,000 mortgage to Marlene Hecker. A portion of the Wachovia HELOC was added to Marlene's refinance of her original note with Sovereign, which Debtors also admit to borrowing from her for their personal real estate investments.

9. From 2008 - 2010, Debtor's husband again utilized the Wachovia/Wells HELOC again for their personal real estate investments. Marlene was in Assisted Living with severe dementia during this period 2008 - 2010. She had no idea what was going on. She was not able to pay her bills or handle any of her affairs.

10. The mortgages of $264,000 (refinance amount with HELOC) and the additional use of HELOC of $87,000, both loans to the Banks were never paid back by the Defendants. The Banks have taken action to foreclose on Marlene's house.

11. Hence the Debtors wiped out all of Marlene's assets, and never paid them back nor did they protect her assets.

12. The $208,000 Mortgage Note from the Shapiro's to Marlene Hecker was not refinanced nor was it paid off. The Shapiro's are using sleight of hand to give the impression and confuse the Court that Marlene Hecker's note to her bank, Sovereign Bank, is the same note of the Debtors.

13. These are two separate mortgages, two separate Lenders, owed by two different Borrowers with two different secured properties . Beside the family's relation, the two mortgages are two totally independent transactions.

14. Debtor's secured claim does not get discharged due to non payment, nor does it get discharged from a separate mortgage on another property by a different borrower. This Mortgage to Marlene Hecker was never paid off. There is no proof of payment, no Escrow closing statement, no HUD 1 statement for the Debtors mortgage. There was no mistake on discharging the mortgage as it was not paid. No professional Escrow Company would inadvertently forget to follow the money, forget to submit a HUD 1 for repayment, and forget to have it discharged if paid off. Debtors mortgage is still outstanding and is due.

15 . The Debtor's husband is a professional licensed Mortgage Broker and the debtor is a licensed Real Estate Agent.  The Debtor's husband  originated the Sovereign Bank mortgage for Marlene Hecker in 2003. He borrowed another $89.500 from Marlene in July 2006, and then had her roll this into the refinance of March 2007 for a total of $264,000. He admitted in his deposition that he advised Marlene on the loans, and he admitted that he never paid back the $264,000 loan to her.

16. Marlene Hecker refinanced her Sovereign Bank loan. Debtors did not refinance nor pay off Marlene Hecker. Marlene Hecker simply increased her debt with Sovereign Bank with this refinance to $264,000. Debtor and her husband never mentioned that their mortgage to Marlene was paid off, they instead assured me that Marlene's home was protected by the mortgage against their Raritan home. Debtor acknowledges that Mortgage to Marlene is still valid.

17. The principal balance on Marlene Hecker's loan to Sovereign/Santander was $243,110.37 as of December 1, 2012. Marlene Hecker's home went into foreclosure for nonpayment. All of Marlene Hecker's obligations should have been paid from Marlene Hecker's accounts. Marlene had monthly income of approximately $12,500, consisting of Long Term Care, Social Security, two Pensions, and Rent from her Toms River home. Marlene had sufficient income to cover all her financial obligations and her home should have never went into foreclosure had the Executrix of her estate at the time (Debtor) managed the estate appropriately prior to her removal as Executrix. In addition to not using Marlene's income to pay Marlene's obligations, the debtors did not pay their loan back to Marlene.

18. The Shapiro's have not made payments to Marlene Hecker as per the Note. They are in default. They have no proof of making payments to Marlene nor do they have proof of paying off the mortgage. Therefore, my claim is as follows: 50% of the $208,000 ($104,000) since Debtors would be entitled to half. There is a credit only for 50% of the $16,867.84 as pursuant to the Note.

19. I certify that the foregoing statements made by me are true. I realize that if any of them are false, I am subject to punishment.

Dated: August 17, 2020

*Dean Hecker*

DEAN HECKER

# EXHIBIT B

-- bd | -- ba | **3,568** Square Feet

**812-814 Old York Rd, Raritan, NJ 08869**

Off market | Zestimate®: $579,165 | Rent Zestimate®: $3,990/mo

**Est. refi payment:** $3,137/mo  $  **Get current rates**

# realtor.com®

Log In

Sign Up

Advertise

Buy

Sell

Rent

Mortgage

Find Realtors®

My Home

News & Insights

Advertise

< Address, City, Zip, or Neighborhood   Public | Owner







Est. **$664,800**

View up to 3 home estimates

| 4 beds | 3.5 baths | 2,500 sq ft | 0.32 acres lot |

Map   Commute Time   812 Old York Rd, Raritan, NJ 08869

↪ Share    ✏ Edit Facts

Request a FREE Analysis

**Property Overview** - 812 Old York Rd, Raritan, NJ 08869 is a investment home built in 2004.

According to the Raritan public records, the property at 812 Old York Rd, Raritan, NJ 08869 has approximately 2,500 square feet,

**77.28%**
More expensive than nearby properties ⓘ

**$375,000**
Neighborhood Median Price

**$2,083**
Rental Estimate ⓘ

# Own this home?
Check out your owner dashboard to:
- Track your home's value and comps
- Update the important details and photos
- Easily compare similar homes in your area

Claim your home

## 🏠 Similar Homes For Sale

Comparison of 812 Old York Rd, Raritan, NJ 08869 with Nearby Homes: